UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| L.A. LIMOUSINE, INC., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-1112 (VLB) |
| LIBERTY MUTUAL INSURANCE CO., | : | |
|     Defendant. | : | September 19, 2007 |

**MEMORANDUM OF DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. #92], GRANTING THE DEFENDANT'S MOTION FOR PROTECTIVE ORDER [DOC. #90] AND DENYING THE PLAINTIFF'S MOTION TO COMPEL [DOC. #92]**

Pending before the court are three motions disputing the appropriate location for the deposition of Julia Wicke ("Wicke"), an employee of the defendant, Liberty Mutual Insurance Company ("Liberty Mutual"). Wicke works as a team coordinator in Liberty Mutual's Wausau, Wisconsin, office. She resides in Wisconsin. Liberty Mutual's principle place of business is Boston, Massachusetts. For the reasons stated below, the court orders that the deposition be conducted in Wausau, Wisconsin.

The procedural history is as follows. On July 12, 2007, the plaintiff, L.A. Limousine, Inc. ("LA Limo"), noticed the deposition of Wicke for July 27, 2007, in Boston. [Doc. #90, Ex. 1] On July 23, 2007, Liberty Mutual moved for a protective order that Wicke not be forced to travel to Boston for the deposition. [Doc. #90] Given the short time frame between the motion and deposition dates, on July 25, 2007, the court granted the protective order without prejudice to afford LA Limo

1

an opportunity to respond to the motion for protective order and the court an opportunity to address the merits of the dispute. [Doc. #91]

On July 31, 2007, LA Limo filed a single motion seeking both reconsideration of the court's order granting of the protective order and an order compelling Wicke's deposition in either Boston or Connecticut. [Doc. #92] The portion of the motion seeking reconsideration is GRANTED. The court jointly considers the motion for protective order and motion to compel.

"A party may take the deposition of any person . . . . The attendance of any witness may be compelled by subpoena as provided in Rule 45." Fed. R. Civ. P. 30(a)(1). That right includes the right to notice the deposition of an officer, director or managing agent of a corporate. "On timely motion the court . . . shall quash or modify the subpoena if it . . . (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or routinely transacts business in person." Fed. R. Civ. P. 45(c)(3)(A). The deposition of a corporate party, or its officer, director or managing agent, typically takes place in the corporation's principle place of business or the action's forum. See Sugarhill Records, Ltd. v. Motown Record Corp., 105 F.R.D. 166, 169-70 (S.D.N.Y. 1985).

The deposition of a corporate party's employee other than an officer, director or managing agent must be treated as that of any other non-party witness and subpoenaed under Federal Rule of Civil Procedure 45. See Schindler Elevator Corp. v. Otis Elevator, 2007 U.S. Dist. LEXIS 44200 at *5-6

2

(S.D.N.Y. Jun. 18, 2007). Employees of a corporate party not subject to notice deposition should be deposed where they work. Boss Mfg. Co. v. Hugo Boss AG, 1999 U.S. Dist. LEXIS 133 at *2-3 (S.D.N.Y. Jan. 13, 1999).

There are no allegations that Wicke is an officer or director of Liberty Mutual. The question before the court is only whether Wicke can be considered a managing agent.

Courts consider five factors in determining whether an employee is a managing agent:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation.

Schindler, 2007 U.S. Dist. LEXIS 44200 at *7. The burden of proving the employee is a managing agent, while moderate, rests with the examining party. Id. at *9-10.

LA Limo's only contention is that Wicke is a de facto managing agent because Liberty Mutual listed her as a person with knowledge of the case at hand in its interrogatory responses. Wicke's identification in an interrogatory response indicated that she has relevant information. It does not speak at all to the other four factors the court considers.

3

Wicke would likely identify with the interests of Liberty Mutual. However, her function is not that of a managing agent. There is no evidence that the general responsibilities of a team coordinator are performed by a managing agent under Liberty Mutual's organizational structure. On the contrary, Liberty Mutual describes the general responsibilities of a team coordinator as coordinating activities between various teams and training team members. Coordination and training do not connote the exercise of judgment and discretion in corporate matters. It connotes the dissemination of information pertaining to and the oversight of the implementation of policies and procedures established by those with higher authority over and responsibility to exercise judgment and discretion with respect to that business area. LA Limo has not sustained its burden to establish that Wicke is invested with general powers, or is the employee with the highest authority regarding the information sought in the examination.

Accordingly, Liberty Mutual's motion for protective order is GRANTED, and LA Limo's motion to compel is DENIED. Wicke's deposition shall be held within 100 miles of where she resides or within 100 miles of where she works, in Wausau, Wisconsin, or where she routinely travels for Liberty Mutual business.

                                                  **IT IS SO ORDERED.**

                                                                   /s/

                                                **Vanessa L. Bryant**

United States District Judge

Dated at Hartford, Connecticut: September 19, 2007.

_____